## The town of Vernon *against* The town of East-Hartford :

### IN ERROR.

In a bill of exceptions to the decision of the court as to the competency of evidence, and to the charge of the court to the jury, the facts stated in the charge are to be taken as part of the case.

To prove that a person duly appointed a justice of the peace, was qualified to act in that capacity, parol evidence that he signed a writ, and received the duty, is admissible, without producing the writ, or accounting for its absence.

The inhabitants of the town of *B.*, consisting of two parishes, voted, that they would prefer a petition to the general assembly, to divide the town into two distinct towns; and that the poor should belong to, and be supported by, that town in which they lived. The general assembly, reciting, that " all matters, which might arise in consequence of a division of the town, had been amicably settled and adjusted," incorporated the inhabitants living within one of the parishes into a new town, by the name of *V.*—Held, that a pauper, who had lived in that part of the town of *B.* recently incorporated, and was, at the time of the division, an inhabitant of *B.*, but was then residing, with his family, in another town, became, by virtue of such vote and act of incorporation, settled in the new town of *V.*

*Hartford,*
June,
1821.

THIS was an action of *assumpsit,* brought by the town of *East-Hartford* against the town of *Vernon,* to recover the sum of 50 dollars, necessarily expended by the plaintiffs, between the 8th of *February,* 1815, and the 15th of *February,* 1816, for the support of one *Richard H. Huntley,* a pauper, who, during that period, resided in *East-Hartford,* but was, as the plaintiffs alleged, an inhabitant of *Vernon.*

The cause was tried in the county court of *Hartford* county, on the general issue; and a verdict was given for the plaintiffs. A writ of error, founded on a bill of exceptions, filed by the defendants, was brought in the superior court; and was, by that court, reserved, for the advice of all the Judges.

The case, as it appeared from the bill of exceptions, was as follows. In 1785, *Huntley* had a legal settlement in the town of *Bolton;* and lived in that part of *Bolton,* which now constitutes the town of *Vernon.* In the month of *December,* of that year, he removed to *Colchester,* and gained a settlement in that town, under the statute then existing, by residing there with his family more than a year, without being warned to depart, unless his settlement in *Bolton* was preserved, by virtue of a certificate which he carried with him.(*a*)  It was in these words : " *Bolton, December* 12th, 1785.  To the authority in, and select-men of, the town of *Colchester.*  These certify, that we, the subscribers, do acknowledge, that *Richard H. Huntley,* with his family, are inhabitants in the town of *Bolton :* Witness our hands—and are ready to receive them, whenever returned.

> *Samuel Carver,* Justice of the Peace.
> *Saul Alvord,*        }
> *Abner Loomis,*   } Select-men."

This certificate was lodged with the town-clerk of *Colchester,* according to law.  Whether it was legally signed—that is, whether it was signed by a majority of " the civil authority in and select-men of the town"—was the principal point in controversy.  No question was made, with regard to the select-men.  The defendants claimed, that there was at least one justice of the peace in the town, duly qualified, besides *Samuel Carver,* viz. *Ichabod Warner.*  It was proved, that *Warner* was appointed a justice of the peace, by the general assembly, at their session in *May,* 1785.  To prove that he was duly qualified to act in that capacity, at the date of the

(*a*) In an act relating to " the admission of inhabitants in towns," it was provided, " That the inhabitants of any town within this state, may, for the better support of himself or family, have liberty to remove, with his family, into any other town in this state, and continue there, without being liable to be removed, provided such person procure a certificate in writing, under the hands of the civil authority in and select-men of the town, from whence he removes, that he is a legal inhabitant in that town, and lodge the same with the clerk of the town to which he removes : And in case such person, or any of his family, stand in need of relief from said town, he or they shall be supported at the cost of the town where such person was settled, and obtained a certificate as aforesaid, and may be returned back to such town ; provided such person hath not been admitted an inhabitant, or gained a settlement, as before in this act is provided, in any other town, after such certificate was given." *Stat. Conn. p.* 104. *edit.* 1784.

certificate, the defendants read in evidence a record of the duties which were received by him, between the month of *May*, 1785, and the month of *May*, 1786 ; by which it appeared, that he received from *William Payne* a duty of two shillings, on a writ returnable to the county court of *Hartford* county. The defendants also proved, that the records and files of the county court of *Hartford* county had been diligently searched for the writ on which such duty was paid, and it could not be found ; that this writ was directed to an indifferent person to serve, though the name of that person the witness could not recollect ; and that the action commenced by such writ was settled, before the sitting of the court to which it was made returnable. The defendants then offered to prove, by the oath of *Payne*, that he had paid the duty to, and prayed out the writ from, justice *Warner*, in the month of *October*, 1785. To the admission of this testimony, the plaintiffs objected ; and the court rejected it.

The plaintiffs further offered in evidence, sundry votes of the antient town of *Bolton*, passed at a town-meeting on the 18th of *April*, 1808, among which were the following :

" *Voted*, to petition the general assembly, in *May* next, to divide the town of *Bolton* into two distinct towns, by the parish line.

" *Voted*, that in case the town shall be divided, the whole of the record books shall belong to the first society, which shall still retain the name of *Bolton ;* that the weights and measures shall be equally divided between the towns, according to their just value ; that *Hannah Goodrich*, one of the present poor, shall belong to the new made town, and *Eunice Marshall* and *James Fowler* shall belong to the old town, or *Bolton* ; and such as shall become poor hereafter, shall belong to, and be supported by, that town, where they did or shall live ; and that the division of the poor and the expense, shall take place at the time the town shall be divided ; and all debts and contracts shall be equally paid, by each town, and taxes already granted shall be collected and disposed of according to the original design."

The plaintiffs further offered in evidence the act of the general assembly, passed in *October*, 1808, incorporating the town of *Vernon*, which, referring to the agreement or arrangement made by the antient town of *Bolton*, in the foregoing

*Hartford,*
June,
1821.

*Vernon
v.*
East-Hartford

*Hartford,*
*June,*
*1821.*

*Vernon*
*v.*
*East-Hartford*

votes, stated, by way of recital, that " all matters, which might arise in consequence of a division of said town, had been amicably settled and adjusted ;" and then provided, that " the inhabitants living within the limits of the society of *North-Bolton* shall be, and are, incorporated into and made a town, by the name of *Vernon*, and that they and their successors, forever, inhabitants within said limits, are, and shall remain, a town, and body politic, with the rights, privileges and immunities to other towns belonging." To the admission of these votes, and the act of incorporation, as well as the certificate before mentioned, the defendants objected, on the ground that they did not, by law, affect the right of the plaintiffs to recover money, expended in support of *Huntley*, from the town of *Vernon*. But the court overruled the objection, and admitted the evidence in question.

The defendants also prayed the court to instruct the jury, that if they should find the facts, which the plaintiffs claimed to have proved, to be true, by the statute law of the state then in force, the town of *Bolton* only, and not the town of *Vernon*, was liable. The charge given by the court to the jury, so far as it related to any points now in controversy, was as follows : " The certificate produced, appears to be signed by *Samuel Carver*, as a justice of the peace, and two select-men. The defendants contend, that the names, which appear on the certificate, do not comprise a majority of the civil autbority then in the town. It is admitted, that in *May*, 1785, three justices in that town were appointed by the general assembly. The great difficulty is, to ascertain whether two of them, *viz. Ichabod Warner* and *Elijah White*, were qualified as justices. The evidence is all before you ; and you are to decide upon it. If you shall find, that there were two or more qualified justices in *Bolton*, on the 12th of *December*, 1785, it will follow, that the certificate was not duly executed ; and *that* will make an end of the case in favour of the defendants. But if you shall find, that, at that time, there was but one qualified justice in the town, it will follow, that the certificate was duly executed, and consequently, that *Huntley* remained a settled inhabitant of *Bolton*, until the division of the town. An agreement or vote of the inhabitants, and the act of the general assembly incorporating *Vernon*, have been given in evidence to you, from which the plaintiffs claim, that *Vernon* became liable for

*Huntley's* support.   The defendants contend, that these docu-
ments can have no such effect.   The court are of opinion,
that by virtue of them, *Vernon* became liable for the support
of the paupers, who resided within its present limits.   If, then,
you find, that the certificate was executed by a majority of the
qualified justices and select-men of *Bolton,* at the time of its
date, you will find for the plaintiffs ; if otherwise, for the de-
fendants."

*Hartford,*
June,
1821.

*Vernon*
*v.*
East-Hartford

   *Edwards* and *I. Perkins,* for the plaintiffs in error, contend-
ed, 1. That the testimony of *Payne,* that *Ichabod Warner*
signed a writ for the witness, and received from him the duty
on it, in the month of *December,* 1785, shortly before the date
of the certificate, ought to have been received, as evidence of
official character.

   First, it was proper, as *primary* evidence.   That the official
acts of a magistrate, duly proved, are evidence of official char-
acter, will not be controverted.   The question, then, is sim-
ply, whether the signing of a writ, and the taking of the duty,
may be proved *by parol.*   These are strictly matters *in pais.*
No law requires a magistrate to make a record of them.   The
entry upon the writ is not conclusive : the facts might be con-
tradicted, if the writing were produced : *a fortiori* they might
be proved, in the absence of the writing.   It is to be kept in
mind, that *Warner's appointment* had been previously estab-
lished, by the record of the general assembly.   How could we
prove, that he exercised the functions of his office, but by the
testimony of witnesses, who saw him act ?

   But, secondly, if the evidence offered was incompetent as
primary evidence ; yet, as the loss of the writ was satisfacto-
rily proved, there was a sufficient foundation laid for the intro-
duction of *secondary* evidence ; and, as such, the evidence in
question ought to have been received.   The court did not
reject it, on the ground of any deficiency in the proof of loss.

   2. That if the certificate was legally signed, it bound *Bol-
ton* only, and not *Vernon.*   The duty of a town to support its
poor, is, in all cases, created by positive statute.   Aside from
this, those who live on one side of a town line, are under no
greater obligation to contribute to the relief of an indigent per-
son, than those who live on the other side.   But the statute
under which the certificate in question was given, imposed the

*Hartford, June, 1821.*

*Vernon v. East-Hartford*

duty of support upon the town—not the territory within certain limits, but the corporation—which gave the certificate. This corporation was *Bolton.* *Vernon* gave no certificate.

3. That the votes passed in *Bolton* town-meeting, and the act of the general assembly incorporating *Vernon,* did not render *Vernon* liable in this action.

In the first place, the votes did not constitute an *agreement,* on which a right of action could accrue in favour of any one. There was but one party to the transaction. Strictly, this was the act of the *corporate body* alone. But if viewed less technically, it was, at most, but an expression of the minds of the inhabitants residing in different parts of the town, furnishing to the general assembly *ground of policy* for the proposed division. In this light it was evidently considered, by the general assembly.

Secondly, if it was an agreement, to which the inhabitants of the two parishes in the town were parties ; so that one party might have a right of action against the other ; still such right of action could not be transferred to *East-Hartford.* It would be going very far to make these votes negotiable paper.— *Westborough* v. *Franklin,* 15 *Mass. Rep.* 254.

Thirdly, the act of incorporation did not render *Vernon* liable for *Huntley's* support. No persons were made inhabitants of *Vernon, vigore statuti,* except " the inhabitants living (*i. e.* in 1808) within the limits of the society of *North-Bolton.*" But *Huntley* did not then live there ; nor had he lived there, within a period of more than twenty years. By the mere act of incorporation, none but actual residents are constituted members. *Windham* v. *Portland,* 4 *Mass. Rep.* 384. *Bath* v. *Bowdoin,* 4 *Mass. Rep.* 452.

*T. S. Williams* and *W. W. Ellsworth,* for the defendants in error, contended, 1. That the testimony of *Payne* was properly rejected.

In the first place, it does not appear from any fact stated in the bill of exceptions, that this testimony was *relevant.* The bill of exceptions does not shew, that *Warner* lived in the town of *Bolton* ; and if he did not, any testimony to shew, that he acted as a justice of the peace, must have been irrelevant.

Secondly, the testimony in question was, in its nature, inadmissible. The signing of a writ is necessarily in writing ; and

the law requires the payment of a duty to be certified in wri- *Hartford,* ting. The paper which contained these writings, was the June, 1821. best evidence : and its existence precluded parol testimony. *Phill. Ev.* 162. But it is said, that this paper was proved to Vernon be *lost.* The bill of exceptions discloses no such fact. It East-Hartford. does, indeed, state certain evidence, from which the jury might, perhaps, infer a loss ; but the fact of loss it does not state ; and this Court can take notice of no fact, which does not appear upon the record.

2. That the only effect of the certificate was, to preserve the settlement of *Huntley* in *Bolton ;* to continue the relation, which then subsisted ; and to place him upon the same footing as to settlement, notwithstanding his removal, as other inhabitants of the town. In this situation he would have remained, had not something further taken place.

3. That by virtue of the votes of the inhabitants of ancient *Bolton,* and the act of the general assembly, recognizing those votes as a valid agreement between the two divisions of the town, and incorporating the inhabitants of one division into a new town, *Huntley's* settlement was transferred from *Bolton* to *Vernon. Mansfield* v. *Granby,* 1 *Root,* 179. *Hebron* v. *Marlborough,* 2 *Conn. Rep.* 18.

Hosmer, Ch. J. The town of *East-Hartford* brought their suit against *Vernon,* which formerly was part of the town of *Bolton,* to recover a sum expended for the necessary maintenance of one *Huntley,* whom they claimed to be an inhabitant of *Vernon.*

The first question in the case relates to the validity of a certificate, dated the 12th day of *December,* 1785, declaring *Huntley* to be an inhabitant of *Bolton,* and signed by *Samuel Carver,* a justice of the peace, and two select-men. The certificate was directed to the select-men of *Colchester,* in which town *Huntley* resided, with his family, more than a year, without being warned to depart ; and this, by the law then existing, gave him a settlement in that place, if the certificate were not legally signed. On the part of *Vernon,* it was claimed, that, at the date of the certificate, *Ichabod Warner,* Esq. was an inhabitant of *Bolton,* and a justice of the peace, duly qualified ; and if such were the fact, it is not denied, that his signature

*Hartford,*
*June,*
*1821.*

*Vernon*
*v.*
*East-Hartford*

was necessary to give authenticity to that instrument.    It appears, that *Warner* had been appointed a justice of the peace, the *Spring* preceding the date of the certificate ; and to prove that he was duly qualified to act, one *Payne* was offered as a witness, to testify that he paid a duty to *Warner*, on a writ issued in the month of *October*, 1785.    To the admissibility of *Payne's* testimony, the plaintiffs objected, that it was both irrelevant and incompetent ; and by the court it was rejected.

To shew the irrelevancy of the evidence, it was said, it did not appear, that *Warner*, at the date of the certificate, was an inhabitant of *Bolton ;* and this undoubtedly is true, if the court may not assume this fact from the charge given to the jury.    But the charge is part of the bill of exceptions, signed by the judge ; and every part of the same bill of exceptions, is equal evidence of the facts apparent upon it.    It is not like two distinct bills of exceptions, which have no reference to each other ; but it is one indivisible act, and to receive a construction from a connected view of all its expressions.    Now, from the charge, *Warner* appears to have been an inhabitant of *Bolton ;* and whether he was a justice of the peace duly qualified, was the only question agitated.    This subverts the objection made on the ground of irrelevancy.

The supposed incompetency of the evidence, is founded on the deficiency of proof to establish the loss of a writ, on which the reception of the duty was certified ; and if the admission of the evidence depended on this act, I should be of opinion that it could not be received.    There is enough, perhaps, appearing on the bill of exceptions, from which the loss of the writ might have been inferred, by the court below ; but it is not competent for this court to deduce the inference, unless it is strictly a necessary presumption ; and clearly it is not.    It is requisite, then, to maintain the proposition, that the offered testimony is, in its nature, *primary*, and receivable, whether the writ is, or is not, in existence.    The payment of a duty on a writ, is an act extrinsic of the writ, which may not have been certified.    The act was *complete*, on the payment of the duty, and admitted of any evidence to substantiate it, whether it were the justice's certificate, or the testimony of witnesses.—Analogous to the certificate of matrimony by a justice, or the recording of births and deaths, to perpetuate the evidence of

them, it may be proved by writing, or by parol. It results, then, that the evidence offered should have been admitted.

As to the other point made in the case, relative to the legal effect of the incorporation of *Vernon*, on the settlement of the pauper, I am of opinion, that he became settled by it in *Vernon.* He was an inhabitant of *Bolton* anterior to its division, living in that part of it afterwards incorporated into the new town. He was not, *in fact*, residing in *Vernon*, at the time of its incorporation ; but although in some other town, it appears that he has not acquired a new settlement. It is no strained interpretation of the act of the general assembly, which declares that the inhabitants *living* within the limits of *North-Bolton*, shall constitute the town of *Vernon*, to extend it to those, who there resided before the act of incorporation, although, at the date of the act, they were not *actual* residents. This was explicitly determined in the case of the town of *Mansfield* against the town of *Granby*, 1 *Root* 179., from which period, so far as I am informed, in perfect accordance with this decision, the point has been considered as settled. A decision of the supreme court, on a point even of doubtful construction, made more than thirty years ago, and since uniformly acquiesced in, and followed, is too authoritative to allow of a recurrence to first principles.

I would advise the superior court, that there is manifest error in the judgment complained of.

The other Judges were of the same opinion.

Judgment to be reversed.