*Hartford,*
*June, 1841.*

Simsbury
*v.*
Hartford.

The town of SIMSBURY *against* the town of HARTFORD.

A residence of six years without becoming chargeable, on the same territory, will confer a settlement, although such territory, during that period, may, by legislative enactment, have constituted a part of different towns.

A continued residence in fact for six years, on the same territory, prior and subsequent to the incorporation of a new town, will be deemed a continued residence for that period, in such new town, for the purpose of conferring a settlement therein.

Therefore, where a person resided on the same territory from 1826 to 1839 ; and it appeared, that in 1830, that territory was taken from the town of *F*, to which it then belonged, and annexed to the town of *W ;* and that in 1835, it was included in a new town, which was then incorporated ; it was held, that such person, by such residence, acquired a settlement in such new town.

Where the act incorporating the new town provided, that the poor, who had acquired a settlement in the old town, by birth or residence, within the limits of the new town, should be deemed inhabitants of the new town, and be maintained accordingly, and was silent as to the persons who were not then poor; it was held, that the latter were not thereby constructively made inhabitants of the old town.

THIS was an action of *assumpsit* for supplies furnished, by the plaintiffs, to *Julia,* the wife, and *Catharine,* the daughter, of *Anson Francis.*

*Anson Francis* was born in *Hartford,* in 1797 ; was married to said *Julia,* in 1820 ; and resided in *Hartford* until the year 1823. He then resided in *Farmington,* a year and a half; when he removed back to *Hartford,* and resided there until the year 1826. He then removed again to *Farmington,* and resided there until *May,* 1830 ; when the General Assembly annexed that part of *Farmington* where he resided, to the town of *Windsor.* He continued to reside in the last-mentioned place, within the town of *Windsor,* until *May,* 1835 ; when that portion of territory was, by an act of the General Assembly incorporating the town of *Bloomfield,* made a part of the latter town ; within which he resided until *July,* 1839. Neither he, nor his wife or daughter, had ever before become chargeable. The acts of the General Assembly annexing a part of *Farmington* to *Windsor,* (*a*) and incorporating the town of *Bloomfield,* (*b*) were made a part of the case ; which was then reserved for the advice of this court.

(*a*) *Private Laws of Conn.* 1198.     (*b*) *Id.* 1135, 6.

*Toucey*, for the plaintiffs, contended, 1. That as the act incorporating *Bloomfield* contains express provisions, designed to embrace every case where a liability of this kind is imposed on that town, and as these provisions do not embrace the present case, the fair inference is, that *Bloomfield* is not liable.

2. That if these express provisions were not in the act, and it were left to implication only, the construction would be, that all the *settled* inhabitants of *Windsor*, then residing within the limits of *Bloomfield*, or if then absent, who resided there when they departed, alone became inhabitants of *Bloomfield*, by the act of incorporation. *Mansfield* v. *Granby*, 1 *Root*, 179. *Vernon* v. *East-Hartford*, 3 *Conn. Rep.* 475.

3. That the incorporation of a new town within the limits of an old one, does not change the settlement of those inhabitants of other towns who may reside within it, at the passing of the act. *Oxford* v. *Woodbridge*, 3 *Day*, 224. *Marlborough* v. *Hebron*, 2 *Conn. Rep.* 20.

4. That the statute requires a residence in every town for the full space of six years from and after the first removal into it ; and that the individual shall have supported himself and family, during the whole of that time, without becoming chargeable, in order to gain a settlement by residence. *Francis* has had no such residence in *Bloomfield*.

*T. C. Perkins*, contra, after remarking, that *Francis* resided on the same tract of land long enough, unquestionably, to acquire a settlement by commorancy, aside from the acts of the General Assembly, contended, 1. That the annexation of a part of *Farmington* to *Windsor*, did not affect the rights and privileges of the residents upon that tract. They only became inhabitants of *Windsor* instead of *Farmington*.

2. That the incorporation of the town of *Bloomfield*, did not prevent *Francis* from gaining a settlement in the town which comprehended the place of his residence. Residence on the territory before the incorporation of the town, is of as much avail to confer a settlement, or a right to vote, as residence there afterwards. The act of incorporation does not interrupt the residence, or break it into disconnected parts.

WAITE, J. The question in this case depends upon the settlement of *Anson Francis*, the husband of one of the pau-

pers, and the father of the other. Was it in *Hartford* or *Bloomfield?* It is agreed, that he removed from *Hartford,* in 1826, to a place within the present limits of the town of *Bloomfield,* and continued to reside there, until the year 1839. Had *Bloomfield* been a town, during all that period, there could be no question but that he would have acquired a settlement, under the statute conferring it, by a residence of six years.

1. But it is insisted, that as *Bloomfield* was not incorporated until 1835, there has been no six years' residence in that town; and that the residence prior to the incorporation, cannot be annexed to the subsequent residence so as to make the term of six years required by the statute.

But the contrary doctrine was virtually settled, by this court, in the case of *Vernon* v. *East-Hartford,* 3 *Conn. Rep.* 475. It was there held, that a residence of six years, within the limits of a town, prior to the incorporation, conferred a settlement in that town. Hence, if *Francis* had a residence of six years within the limits of *Bloomfield,* before it was incorporated, he would have his settlement in that town. And it would seem to follow, that if the six years' residence was partly before and partly subsequent to the incorporation, the effect would be the same. And this, we believe, is the practical construction uniformly given to our laws in relation to the settlement of paupers.

2. But it is further claimed, that as the act incorporating the town of *Bloomfield* provides, that the poor who have acquired a settlement in the town of *Windsor,* by birth or residence, within the limits of *Bloomfield,* should be deemed inhabitants of *Bloomfield,* and be maintained accordingly, and is silent as to those persons who were not then poor, the latter must be deemed inhabitants of *Windsor.* But it is our opinion no such inference can fairly be drawn. There is nothing in the act indicating any such intention on the part of the legislature. The construction of the act ought to be the same, so far as this question is concerned, as if it had been entirely silent upon the subject of paupers.

Upon the facts stated in the case, our opinion is, that *Francis* had his settlement in the town of *Bloomfield,* and not in *Hartford;* and that judgment be rendered for the defendants.

In this opinion the other Judges concurred, except WIL-
LIAMS, Ch. J., who gave no opinion, being interested as an
inhabitant of the town of *Hartford*.

<div align="right">

*Hartford,*
June, 1841.

Simsbury
*v.*
Hartford.

</div>

<div align="center">

Judgment for defendants.